*E. W. LADD v. STATE OF OHIO.

1. ENTRY THAT JURY STATED THEY COULD NOT AGREE IS INSUFFICIENT.
   An entry in a criminal case that the jury stated they were unable to agree, whereupon they were discharged by the court, does not sufficiently show that to be the reason of the discharge nor any finding thereof (sec. 7313 Rev. Stat.), and the prisoner cannot be tried again.
2. QUESTION MAY BE RAISED ON SUBSEQUENT TRIAL—CIRCUIT COURT MAY RAISE THE QUESTION SUA SPONTE.
   That the defendant can avail himself of such action of the court in a proceeding brought to reverse the judgment rendered against him on a subsequent trial on said indictment, though prior thereto he had not filed a plea in bar, under sec. 7258, Rev. Stat., setting up such former acquittal. This was not essential, as all of the facts as to this appeared upon the record. The circuit court, in reviewing the conviction can raise this question sua sponte.
3. PROPER ENTRY MAY BE MADE NUNC PRO TUNC—MAY BE REVERSED.
   If in fact such discharge of the jury was on sufficient ground, and was the result of consideration by the court, but by accident or inadvertance, the order of the court discharging the jury was not properly entered upon the journal, a proper entry may be made, nunc pro tunc, at a subsequent term of the court, on proof of the facts, or on the personal knowledge of the court. But in this case the evidence, on which an entry of this kind has been made, has all been brought into the bill of exceptions taken on the hearing of such matter, during the pendency of this proceeding in error, and being wholly insufficient to justify such entry, it, as well as the judgment on the verdict, should be reversed.

*This decision is followed by the same court in Geiger v. State, *post,* 141.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The principal question argued to us on the first hearing of this case was, whether the judgment should be reversed on the ground that the verdict was so manifestly against the weight of the evidence, that the trial court erred in refusing to grant a new trial.    An examination of the evidence contained in the bill of exceptions is certainly calculated to lead us to doubt whether it shows that the defendant was guilty of the crime of larceny, of which he was convicted—that is whether, it showed with that certainty which the law properly requires in criminal cases, that the money which the defendant received from the prosecuting witness, and with the stealing of which he was charged, "was fraudulently obtained by the defendant with intent to steal it from the owner;" or "that at the time of the parting with the possession of it, the owner expected and intended that the thing delivered to him, would be returned to her, or disposed of under her direction for her benefit."    See Kellogg case, 26 O. S., 15.    The state claimed that at the time of this transaction between the parties, the defendant made many statements as to his property and business, to induce the owner of the money to let him have it, but no attempt was made to show by evidence that these representations were false.    And as to the other point, there is a grave doubt whether the money so delivered to the defendant, was not intended by the owner as a loan to him.    It certainly was so on the face of it.    A note for the amount received by him was executed and delivered to her, payable in thirty days, and bearing interest from date at the rate of 8 per cent., and had a warrant of attorney attached thereto, authorizing a judgment to be entered for the amount due on the note.    It is true the prosecuting witness says that she did not intend it to be a loan, and that she expected the identical money to be returned to her, but this is not beyond question.

But in view of the great weight to be given to the finding of a jury on a question of fact, and of the conclusions we have reached as to another branch of this case, we will not pass upon this question, for an examination of the record presented to us discloses this state of fact:

The indictment against the defendant contained two counts, one charging him with larceny, and the other with obtaining money under false pretenses.    The defendant having pleaded not guilty, he was tried on this indictment at January term, 1890.    The record shows that the jury was then duly empaneled and sworn, the evidence and the arguments of counsel heard, and the charge of the court given, and that the jury retired to consider of their verdict, on March 14, 1890, and on the same day this entry appears on the journal of the court: "And afterwards came the said jury into open court, and state that they are unable to agree upon a verdict, whereupon they are by the court discharged from further consideration of this case, and the said case is passed."

Section 7313, Rev. Stat., provides that "the court may discharge a jury without prejudice to the prosecution, for the sickness of a juror, the corruption of a juror, or other accident or calamity, or because there is no probability of the jurors agreeing, and the reason for the discharge shall be entered upon the journal."

This we understand to have been the doctrine of the common law, and the legislature has simply put into the form of a statute the law and the practice as they stood before such enactment.

It will be seen that the record made of the discharge of the jury, contains no statement whatever of the time occupied by the jury in the consideration of the case, or how long they remained in their retirement.    For all that appears it may not have exceeded five or ten minutes, or any other wholly inadequate period. So far as the record shows, the court did not consider the question, whether there was any probability that the jury could or could not agree upon a verdict, and certainly did not find by the journal entry that there was no such probability of

their agreeing, and that they were discharged for this reason. No fact was found by the court, which under the law would warrant the discharge of the jury without prejudice to the prosecution, nor was it shown that the defendant consented to such discharge.

In Dobbins v. State, 14 O. S. 493, the supreme court held, that the right of the trial court to discharge a jury in a criminal case, against the consent of the accused, only exists in cases of absolute necessity, and when the jury have considered the case for such a length of time as to leave no reasonable expectations that they will be able to agree on a verdict." And again—"To justify holding the accused for a further trial after such discharge, the record must show that an obstacle which the law will recognize as a necessity, did in fact exist; that it engaged the attention of the court, and that the order was based thereon, and was the result of consideration and decision. See also Hines v. State, 24 O. S. 134; Hurley v. State, 6 O. S. 400; Railroad Co. v. Keary, 3 O. S. 229.

On the record as thus made, it would appear clear in the light of these authorities, that the jury which tried the defendant on this indictment, having been so discharged, that this was equivalent to a verdict of acquittal, and operated to discharge him from further prosecution thereon, while the record remained in this condition, and that he was in a position to ask that he be not again tried thereon, or if he were again tried and convicted, that he might contest the legality of such conviction by proceedings in error to reverse the same, though the question was not raised in the trial court, unless some technical rule of law forbids it. For if the record in the case clearly shows a conviction or acquital (or what is equivalent thereto), of a defendant on an indictment, and shows also a subsequent conviction of the same defendant for the same offense, it would appear to be clearly erroneous on the face of the record, and should not be allowed to stand. When this matter came to our notice, we deemed it proper to call the attention of counsel to it, and an effort has been made by the entry of a *nunc pro tunc* order upon the journal of the trial court to have the record show that the discharge of the jury was properly made.

Such an entry has been made by the trial court over the exception of the defendant, who took a bill of exceptions containing all of the evidence upon which the court acted in making this *nunc pro tunc* order, and this order and the bill of exceptions have been certified to us as a part of the record in the case. And the propriety of the making of such order on the evidence adduced, and its effect, and the question of the sufficiency of the first order have been fully argued by counsel.

It is the claim of the prosecuting attorney that the first order was sufficient; and if not, that the question can not now be raised on the record, but should have been done by a plea in bar, and that if neither of these positions is sound, that the *nunc pro tunc* entry was properly made, and cures the apparent error.

We have already in effect held that the action of the court, as shown by the first entry, made as to the discharge of the jury, operated as an acquittal of the defendant, if allowed to stand; and the next inquiry is, whether the question properly arises on the record. It is true that sec. 7258, Rev. Stat., provides that the question of a former conviction or acquittal of the defendant of the same offense can be raised by the interposition of a pleas in bar, duly sworn to, which is to be done before the general plea of not guilty, and which issue thus raised, is to be tried to a jury. We have no doubt but that the question in this case might thus have been presented, but we are of the opinion that it is not the only way in which it can be done. In the great majority of cases a plea in bar is the only way in which the facts as to the former acquittal or conviction can appear upon record, as where the question had been adjudicated in a wholly different proceeding. But here the fact, which, if it exists, operates as an acquittal, appears on the record itself, which is before the court for review. Suppose it should show a verdict of acquittal, or the entry of a *nolle prosequi*, after the jury was sworn, on the first trial, and a judgment of conviction on a subsequent trial, could the judgment stand if the defendant had failed to file a plea in bar, when he was

again put on trial? We think not. The statute now in force, regulating the mode of proceeding in criminal cases, is only an enactment of the law and practice before its passage. We had then pleas in bar as now, to be tried as now. And yet in none of the cases in which this question is considered was it raised by a plea. In Dobbins v. State, 14 O. S., 493, 499, it was not presented until after the verdict in the second trial, and then by a motion in arrest of judgment. In the Hines v. State, 24 O. S., 135, the defendant after the discharge of the jury, moved for his own discharge, and the motion being overruled, he prosecuted proceedings in error, and the judgment was reversed for the failure of the court to grant the motion; and in the Benedict v. State, 44 O. S., 679, the motion to discharge the defendant was made after the second jury was sworn; and though in that case the defect complained of was cured by a *nunc pro tunc* entry, and the judgment affirmed by the supreme court on error, no intimation was given by the court that the question was not properly raised; and if an error of this kind now appears upon the record, we are of the opinion that the judgment might properly be reversed therefor.

Was the *nunc pro tunc* order in this case properly made? If so, the error in the original entry of the dismissal of the case is cured, for the entry subsequently made, as of that date, shows a legal ground for the discharge of the first jury. There is no doubt that if a certain finding and decision of the court is made at one term of the court, which by accident or inadventence is not entered of record, on these facts being made to appear to the satisfaction of the court in which the order is made, the real judgment or order before made, and so omitted from the journal, may be entered thereon. But this must be done on sufficient evidence. We have in the bill of exceptions all of the evidence heard on the motion. The deputy clerk of the court in which the case was first tried, testified that the original entry on the journal was in his handwriting, made up like his other entries thereon from what transpired in, and what he saw done in court. The state also offered in evidence a loose sheet of paper, admitted to be in the handwriting of the judge who presided at the first trial of the defendant, and "which pencil memorandum of the result of the case was made in accordance with a habit of said judge of taking notes in all cases tried before him, and nothing the result on the back as soon as the case is concluded." This paper is attached to the bill, and contains the title of the case, and of the charge against the defendant, and a memorandum of authorities, and on the back is indorsed the title and number of the case, the date of the trial, and the charge against him, and the word "verdict," all in ink, and the words "can't agree" in pencil.

We think this evidence, (and there was nothing else adduced, not even the memorandum of the trial judge as to what then took place) wholly insufficient to sustain the entry last made, that the jury reported to the court that there was no possibility of their agreeing, and that the court found that such was the case. The order of the court directing such entry is therefore reversed, and the judgment of the court on the verdict of the jury is also reversed with costs, and the case remanded to the court of common pleas for such other proceedings as may be warranted by law. If the original order of the court discharging the jury is not corrected by a proper *nunc pro tunc* order, the defendant should be discharged.

Moses F. Wilson and Robert C. Pugh, for plaintiff in error.

J. C. Schwartz and D. T. Wright, prosecuting attorneys, for the state.

Judge Cox did not sit in this case.